UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 4:21-CR-0588 |
| | § | |
| ANTHONY HUTCHINSON and | § | |
| BRIAN BUSBY | § | Judge Andrew S. Hanen |
| | § | |
| Defendants. | § | |

DEFENDANTS' FIRST JOINT AGREED MOTION FOR CONTINUANCE

The Defendant Brian Busby, by and through his attorneys, Dick DeGuerin and Mark White, III, jointly with Defendant Anthony Hutchinson, and his counsel Rusty Hardin, Letitia Quinones, and John MacVane, files this First Joint and Agreed Motion for Continuance and would show the following:

I.

The Defendants were arrested on December 16, 2021 and arraigned on the above-styled indictment on the same day. A scheduling order was filed with the papers in this case about two (2) weeks later on December 31, 2021. That order set January 5, 2022 as the date by which counsel had to file motions and February 14, 2022 as the date for jury trial. Neither Defendant has received discovery yet and therefore cannot be ready for trial.

The Government has represented that the discovery amounts to approximately five (5) terabytes of data much of which is composed of email communications, business records, bank records, and records obtained from the Houston Independent School District (HISD). Multiple computers and cellular phones were seized. Much of the data was contained therein. The FBI agent who quantified how much data was involved said that merely copying the data to computer data storages devices provided by the defense could take up to a whole day or more of

continuous action by the machines per defendant.  That process is either ongoing or just finished, counsel believes.

Counsel for the Defendants participated in a previously filed and parallel civil forfeiture action arising from the same allegations which are the subject of this criminal indictment. Counsel were not able to conduct civil discovery as the Government sought and received successive stays of discovery in the forfeiture action in anticipation of the indictment.  Counsel has discussed the case in general with the Government and reviewed search warrant affidavits and other pleadings to gain a clear understanding that this case will involve voluminous discovery, and the discovery will in the main consist of these business, banking, and government records and electronic communications which counsel will have to review in detail to reconstruct the past several years of HISD contracts for grounds maintenance (grass mowing) and building construction, the bid process for large contracts relating to those separate activities, and the financials of at least two business entities and the two defendants' personal financial records. Some very significant part of this work will require counsel, and probably experts, to tie a multitude of episodes of a contractor's and HISD's employees cutting grass month by month and school by school at somewhere between 150 and 200 school district properties for the past several years back to contracts and payments, relating those in turn with allegations of unlawful payments which the Defendants deny.  Then, of course, the picture formed by the reconstruction of these records and alleged events would require independent investigation.  The Government took years to gather the materials involved and to put together its regrettably mistaken narrative to obtain this indictment.  In short, this case is complex.  Counsel do not need years to make enough sense of the case to be able to acquit themselves of their professional obligation, but they will need substantially more time than the few days which will have expired from the date

counsel will receive discovery, which has not occurred yet but is anticipated soon, and the current trial date of February 14, 2022.

II.

The Defendants hereby waive their respective rights under 18 U.S.C. §3161(c)(1) to a trial within 70 days of the filing of the above-styled indictment. Due the foregoing explanation of the case's unusual complexity and burdensome discovery "…the failure to grant…a continuance in the proceeding would…make a continuation of such proceeding impossible [and] result in a miscarriage of justice." 18 U.S.C. §3161(c)(7)(B)(i). Under the present circumstances, it would be "…unreasonable to expect adequate preparation for pretrial proceedings [and] for the trial itself within the time limits established by the Speedy Trial Act…." 18 U.S.C. §3161(c)(7)(B)(ii). The Defendants believe that "…the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(c)(7)(A).

III.

The Government agrees to the continuance of this case for the time set forth below.

IV.

Accordingly, the Defendants ask the Court to find the case to be unusually complex as contemplated by 18 U.S.C. §3161(c)(7)(B)(i); that it would be unreasonable to expect counsel to be adequately prepared to represent the Defendants within the time constraints of the Speedy Trial Act and that imposing those constraints would make all proceedings impossible and/or result in a miscarriage of justice; and that the ends of justice served by granting this continuance clearly outweigh the best interests of the public and the Defendants in a speedy trial. 18 U.S.C.

§3161(c)(7)(A) and (B).   The Defendants respectfully request that the trial and all related prior deadlines be continued for a minimum of six (6) months from the current dates.

        Respectfully submitted,

        DeGUERIN & DICKSON

        */s/ Dick DeGuerin*
        Dick DeGuerin
        Texas Bar No. 05638000
        1018 Preston, 7th Floor
        Houston, Texas 77002
        Telephone    (713) 223-5959
        Facsimile:    (713) 223-9231
        dick@deguerin.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed on the 7th day of January 2022, via the electronic case filing system of the Southern District of Texas, which sent a notice of filing to all interested parties.

        */s/ Dick DeGuerin*
        Dick DeGuerin

## CERTIFICATE OF CONFERENCE

I certify that Mark White, III, Of Counsel to my firm and counsel for Brian Busby, communicated with AUSA Rob Johnson regarding this motion for continuance via email on January 6, 2022 and that the Government agreed to the motion.

        */s/ Dick DeGuerin*
        Dick DeGuerin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CAUSE NO. 4:21-CR-0588 |
| § | |
| ANTHONY HUTCHINSON and § | |
| BRIAN BUSBY § | Judge Andrew S. Hanen |
| § | |
| Defendants. § | |

ORDER

The Court considered the Defendants' First Joint Agreed Motion for a Continuance, and is of the opinion that, due to the voluminous discovery and complexity of the case, the failure to grant a continuance would result in a miscarriage of justice and that it would be unreasonable for counsel to prepare adequately for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act. The Court therefore, FINDS that the ends of justice served by granting this motion outweigh the best interest of the public and the defendant in a speedy trial; and does hereby:

ORDER that the trial of this case and all prior deadlines be continued for no less than six (6) months; and does,

ORDER the U.S. District Clerk for the Southern District of Texas to enter a new scheduling order reflecting dates consistent with this order with the papers in this case.

Signed on the ___ of January 2022.

_____
HON. ANDREW S. HANEN
U.S. DISTRICT JUDGE